Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway, Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

CHARLES MCNALLY

                            **Plaintiff**

v.                                                 **COMPLAINT**
                                                   **Index No.**

                                                 **JURY TRIAL DEMANDED**

INNOVATIVE LOGISTICS SOLUTIONS INC.,
NERAJ SETH and KETAN SETH

                            **Defendants.**
------------------------------------------------------------------x

    1.     Plaintiff Charles McNally ("Plaintiff" or "McNally") alleges as follows:

**NATURE OF THE ACTION**

    2.     This Action on behalf of Plaintiffs seeks the recovery of unpaid wages and related damages for unpaid unpaid overtime hours worked and unlawful retaliatory termination, while employed by Defendants Innovative Logistics Solutions Inc. ("Innovative Logistics"), and Neeraj Seth and Ketan Seth, individually (collectively "Defendants"). Plaintiff seeks these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3. Plaintiff also seeks damages for the hostile work environment he experienced based on sexual orientation under the applicable provisions of the New York City Human Rights Law ("NYCHRL").

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## PARTIES

6. Plaintiff Charles McNally, a resident of New York State, was employed as a store associate for Defendants from March 2014 through June 2016, and as a store manager from June 2016 through March 1, 2017. Plaintiff was employed by Defendants during the relevant limitations periods.

7. Plaintiff worked at several locations for Defendants, but primarily at 121 West 36th Street, New York, NY 10018.

8. Innovative Logistics is a New York Corporation that operates UPS shipping stores, including those located at 132 East 43rd Street, 1357 Broadway, 243 5th Ave., 101 West 23rd Street, and 121 West 36th Street, all located in New York City.

9. Innovative Logistics' main business address is 243 5th Avenue, New York, NY 10016.

10. Defendant Ketan Seth and Neeraj Seth are owners of Innovative Logistics.

11. Upon information and belief, Innovative Logistics has an annual gross volume of sales in excess of $500,000.00.

12. At all relevant times, corporate Defendants have been and continue to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

13. All Defendants are hereinafter collectively referred to as "Defendants."

## FACTUAL ALLEGATIONS

14. Defendants committed the following alleged acts knowingly, willfully and intentionally.

15. Defendants knew that the nonpayment of overtime pay to Plaintiff would economically injure Plaintiff and violated state and federal laws.

16. Plaintiff was employed by Defendants from March 2014 through March 1, 2017.

17. Plaintiff was employed as a store associate from March 2014 through June 2016.

18. Plaintiff was employed as a store manager from June 2016 through the end of his employment.

19. Throughout the course of his employment, Plaintiff generally worked six (6) days per week for Defendants.

20. While working as a store associate, Plaintiff worked from 8:30 am through 8:00 pm. Plaintiff's job duties included, but were not limited to, helping customers ship packages,

sorting mail, packaging and boxing items, accepting payments from customers, and running errands.

21. While working as a store manager, Plaintiff worked from 8:30 am through 5:30 pm. Plaintiff's job duties included, but were not limited to, maintaining the store's appearance, ordering supplies, making bank deposits and general customer assistance.

22. While Plaintiff could interview potential employees as a store manager, he had no hiring or firing authority.

23. Plaintiff was paid at a rate of $9.00 per hour from March 2014 through March 2015, $10.00 hour from March 2015 through March 2016, and $11.00 per hour from March 2016 through the end of his employment.

24. While employed as a store manager, Plaintiff frequently made $350.00 to $400.00 per week; therefore, he was not an exempt employee for any overtime exemptions that have a salary basis requirement under New York state, or federal law.

25. Plaintiff was paid entirely in check.

26. Plaintiff often worked in excess of forty (40) hours per workweek.

27. Plaintiff was paid straight time for hours worked over forty (40) per week.

28. Defendants unlawfully failed to pay the Plaintiff and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per workweek.

29. Defendants violated the New York State's Wage Theft Prevention Act because it failed to provide Plaintiff with a written notice of his rate of pay and failed to keep proper payroll records as required under New York law.

30. Defendants Ketan Seth and Neeraj Seth has control over Innovative Logistics pay procedures, including but not limited to setting rates of pay for employees.

31.     Defendants Ketan Seth and Neeraj Seth have hiring and firing authority over Innovative Logistics' employees.

## PLAINTIFF'S FACTUAL ALLEGATIONS OF RETALIATION

32.     In late January 2017, Plaintiff received his paystubs from Defendants, and discovered he was not being paid time and a half for hours over forty (40) per week.

33.     Plaintiff pointed out the failure to pay him overtime to Ketan Seth.

34.     Mr. Seth told Plaintiff that he would not negotiate paying him overtime.

35.     In late February 2017, Ketan Seth met with Plaintiff, and accused him of stealing (by not paying for personal shipments at work) and terminated him.

## PLAINTIFF'S FACTUAL ALLEGATIONS OF A HOSTILE WORK ENVIRONMENT

36.     Plaintiff, who is openly gay, was also subject to a hostile work environment on the basis of his sexual orientation while employed by Defendants.

37.     Defendants were aware that Plaintiff was gay, as he had introduced them to his boyfriend at a company holiday party.

38.     Ketan Seth and the store General Manager, Brian Vazquez would refer to Plaintiff as "diva" or "Miss Charlie."

39.     When Plaintiff requested to meet with either Mr. Seth or Mr. Vazquez, they would say the "queen wants to have a meeting."

40.     These derogatory statements would be made both in front of customers and in the store's backroom.

41.     Additionally, on at least would occasion, a customer called Plaintiff a "faggot" in front of Mr. Seth and Mr. Vazquez and no would stepped in to reprimand the customer.

5

42. Plaintiff complained to Mr. Vazquez at least once or twice a month regarding these statements, but Mr. Vazquez would laugh off his complaints.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Wages

43. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

44. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff.

45. Defendants have willfully failed to pay Plaintiff the overtime wages for hours worked in excess of forty (40) hours in a work week.

46. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

49. Defendants have willfully failed to pay Plaintiff the overtime wages for hours worked in excess of forty (40) hours in a workweek.

50. Defendants knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

51. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

### THIRD CAUSE OF ACTION
### NYS Spread of Hours Provisions-NY Comp. Code R & Regs. Tit. 12 § 142-2.4

52. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

53. Plaintiff regularly had workdays that lasted ten (10) hours or more.

54. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York State minimum hourly wage rate when his workdays reached or exceeded ten (10) hours, as required by New York law.

55. As a result of Defendants' willful and unlawful acts, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest, costs and attorneys' fees, as provided by New York Labor Laws Article 19 § 663.

### FOURTH CAUSE OF ACTION
### Recordkeeping and Wage Theft Prevention Act Violations

56. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

58. Defendants failed to provide Plaintiff with a written notice of rate of pay as required by NYLL § 195.

59. Defendants failed to provide Plaintiff with accurate wage statements as required by NYLL § 195.

60. Defendants' failure to make, keep and preserve accurate records was willful.

61. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

### FIFTH CAUSE OF ACTION
### FLSA-RETALIATION

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Plaintiff complained to his supervisor to enforce his rights under the FLSA.

64. Plaintiff's complaints regarding unpaid overtime is protected activity under 29 USC § 215(a)(3).

65. In response to Plaintiff's complaints regarding his rights under the FLSA, Defendants retaliated against him.

66. A reasonable employee would have found each retaliatory act described herein to be materially adverse. Each retaliatory act alleged herein could dissuade a reasonable employee from making or supporting a complaint about wage and hour violations.

67. Defendants retaliated against Plaintiff, as alleged herein, in order to harass and intimidate him and to otherwise interfere with his attempts to vindicate his rights under the FLSA.

68. By engaging in the retaliatory acts alleged herein, Defendants retaliated against Plaintiff, discriminated against him, and penalized him in violation of the FLSA, 29 USC § 215(a)(3).

69. Plaintiff has suffered damages, including, but not limited to emotional distress damages and lost wages as a result of Defendants' retaliation.

70. Defendants subjected Plaintiff to such retaliation that altered the terms and conditions of their employment.

71. Plaintiff is entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages and other appropriate relief.

### SIXTH CAUSE OF ACTION
### NYLL-RETALIATION

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. Plaintiff attempted to enforce his rights under the NYLL by complaining about wage and hour violations.

74. Plaintiff's actions are protected activity under NYLL § 215.

75. In response to Plaintiff complaining about his lack of overtime pay to protect his rights under the NYLL, Defendants retaliated against him.

76. A reasonable employee would have found each retaliatory act described herein to be materially adverse. Each retaliatory act alleged herein could dissuade a reasonable employee from making or supporting a complaint about wage and hour violations.

77. Defendants retaliated against Plaintiff, as alleged herein, in order to harass and intimidate him and to otherwise interfere with his attempts to vindicate his rights under the NYLL.

78. By engaging in the retaliatory acts alleged herein, Defendants retaliated against Plaintiff, discriminated against him, and penalized him in violation of NYLL § 215.

79. Plaintiff has suffered damages, including, but not limited to emotional distress damages and lost wages as a result of Defendants' retaliation.

80. Defendants subjected Plaintiff to such retaliation that altered the terms and conditions of their employment.

81. Notice of this claim has been served upon the Attorney General pursuant to NYLL § 215(2).

82. Plaintiff is entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages and other appropriate relief.

### SEVENTH CAUSE OF ACTION
**Hostile Work Environment Based on Sexual Orientation-Administrative Code of the City of New York, Chapter I, Title 8-107(1)(a)**

83. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

84. Defendants unlawfully subjected Plaintiff to a hostile work environment on the basis of his sexual orientation in violation of the NYCHRL.

85. Plaintiff was treated less well than other employees at Innovative Logistics as a result of his sexual orientation.

86. Defendant is liable for the hostile work environment perpetrated against Plaintiff by its owners, managers, agents and employees.

87. Defendant adversely affected the terms, conditions and privileges of Plaintiff's employment, because of his sexual orientation in violation of the NYCHRL.

88. The actions of Defendant were intentional and malicious, with reckless indifference to Plaintiff's protected rights under the NYCHRL.

89. As a result of Defendant's unlawful acts, Plaintiff is entitled to an award of damages, including punitive damages, costs and attorneys' fees, in an amount to be determined at trial, as provided by §8-502(f) of the Administrative Code of the City of New York.

## PRAYER FOR RELIEF

90. WHEREFORE, Plaintiffs, individually and on behalf of the putative class prays for relief as follows:

    a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

    b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

    c. Penalties available under applicable laws;

    d. Costs of the action incurred herein, including expert fees;

    e. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

f.  Pre-judgment and post-judgment interest, as provided by law; and

g.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and the putative class hereby demands a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York  
       April 24, 2017

Respectfully submitted,

The Klein Law Group P.C.

By: _____  
Darren P.B. Rumack  
39 Broadway, Suite 1530  
New York, NY 10006  
Phone: 212-344-9022  
Fax: 212-344-0301  
*Attorneys for Plaintiff.*